covery could only be had therefor, with the expenses necessitated to show what the deficiency was. Has she forfeited a sum beyond that liability because she made a deposit to secure it, even though there was no forfeiture clause in the terms of sale?

That $2,300 stood simply as security for the deposit. The sum was hers except as bound by the incumbrance.. That incumbrance satisfied, the security is released. Had there been no deficiency there would have been no loss by her default, and all would have gone back to her. Even as it is, had she completed her purchase the judgment creditor would have received nothing, for all would have gone to the plaintiff. Shall we now add to the proceeds of sale part of the funds deposited on an uncompleted prior sale for the benefit of a judgment creditor of the mortgagor, and at the expense of a person who has already lost much? If so, had the deposit been fifty per cent. instead of ten, all the judgments against the mortgagor might be paid, and he have a comfortable balance far above the real value of his property, with the mortgage deducted. The judgment creditor only takes by lien on his right to the surplus.

The position of a purchaser at judicial sale and that of one who makes a contract with another to buy personalty or realty are widely different. The latter pays out money which vests at once in the seller. The buyer may not regain title to that money by his own default, although even then slight equities may give him relief. He does not pay that money as a "deposit," but to acquire a part interest in the thing sold. On a judicial sale the purchaser gets no interest in the property by his bid and deposit; the court may refuse to confirm, and he cannot compel performance by full tender; he has given security that he will abide by what the court directs; that court will deal fairly by him, and return his money if it refuses to sanction the sale, or the balance of that security after the loss is satisfied, if he is unable to fulfill. The referee's report is confirmed.

Referee's report confirmed.

---

(37 Misc. Rep. 68.)

FIRST NAT. BANK OF ST. JOHNSVILLE v. JONES et al.

(Supreme Court, Special Term, Montgomery County. January, 1902.)

1. RIGHTS OF PLEDGEES—FORGED STOCK CERTIFICATES.

　　A wife pledged her bank stock for a loan to her husband by a contract in writing, and gave a certificate indorsed in blank to the pledgee. Her husband thereafter raised money on his notes through certificates of the same stock, subsequently forged. *Held*, that parties who advanced these moneys on the forged certificates were entitled to share in any equity of the wife in the stock pledged, in the order of their advances; she having suffered her husband to do the wrong.

2. NOTE—RENEWAL—RELEASE OF LIEN.

　　A pledgee who had renewed a note secured by one of the forged certificates without surrendering it did not discharge the note or release the lien on the fund created by the surplus arising from the equity in the original certificate pledged.

Action by the First National Bank of St. Johnsville against Hadley Jones and others. Judgment for plaintiff.

E. R. Hall (H. V. Borst, of counsel), for plaintiff.
Joseph W. Middlebrook, for defendant Tarrytown Nat. Bank.
Thomas Young, for defendant Bank of Huntington.
George C. Butler, for defendant Farmers' Nat. Bank of Ashtabula, Ohio.
H. & W. A. Hendrickson, for defendant Frank K. McLaughlin.

RUSSELL, J. The difficulties which move this controversy arise over the misdoings of Hadley Jones, once a lawyer at Little Falls, N. Y., in pledging and repledging 70 shares of the stock of the Herkimer County National Bank of that city belonging to his wife, Emily E. Jones, mainly by using forged certificates purporting to represent the single genuine certificate originally issued. After he had parted with the real certificate to the plaintiff, he secured subsequent loans by using deceptive forms of the same certificate, with forged signatures of the officers of the Herkimer Bank, so that the lenders, upon inquiry by wire or post to that bank, asking if Emily E. Jones owned certificate No. 198 of the stock of that bank, would receive affirmative response. The loans so obtained aggregate over $31,000; the stock is worth only $12,000. The inquiry comes here as to which claimant the proceeds shall go.

The plaintiff took the genuine certificate, and is first in time. On the 28th of December, 1899, it held for value the note of Emily E. Jones, the owner of the stock in question, for $4,500, on which were two responsible indorsers, and discounted that day the note of Maria L. Jones, indorsed by Hadley K. Jones and Emily E. Jones. The note of Emily E. Jones was surrendered by the plaintiff, and a bond in the sum of $10,000 taken from Emily E. Jones to pay the two notes. The bond provided that, for the purpose of securing such payment, "the said Emily E. Jones has pledged, assigned, and transferred to said bank as collateral security seventy (70) shares of the capital stock of the National Herkimer County Bank of Little Falls, N. Y., with full power and authority to said First National Bank of St. Johnsville, N. Y., to sell said stock (now in its possession) on nonpayment of the notes aforesaid or renewals, returning balance of proceeds to me after deducting amt. due." The original certificate of stock indorsed in blank was delivered with the bond.

I cannot agree with counsel for some of the defendants that the transaction did not constitute a pledge. The certificate was simply the evidence of ownership of 70 shares, but that ownership could pass by appropriate contract, even if oral. When a contract is evidenced by a signed declaration in writing that it has been made, and the certificate of title is delivered, the transaction is complete, and Emily E. Jones can no longer pass to others any rights except as subordinate to those she had parted with. The plaintiff holds the first lien on the thing pledged.

On the 28th of March, 1900, Hadley Jones borrowed of the Farmers' National Bank of Ashtabula, Ohio, $7,500, and in the note given

pledged the 70 shares of stock of his wife, leaving a forged certificate to represent those shares. The lien is challenged because on two renewals of the loan the notes maturing were surrendered. The certificate was not surrendered, and the displacement of the old note by a simple renewal did not discharge the note or release the lien. On the 16th of April, 1900, the Bank of Huntington, N. Y., loaned Hadley Jones $6,500 on a pledge of the same 70 shares evidenced by a false certificate, and on the 25th of June, 1900, the Tarrytown National Bank suffered by a similar transaction to the extent of $8,000. Other banks which were also victimized do not appear in this action, as their claims are beyond hope of sharing. That of McLaughlin is of doubtful character and inferior to the others named.

Does it need the citation of precedent to show that these banks got valid liens on what was left to Emily E. Jones at the time of each transaction? They all acted in good faith. The wrong of her husband, which she suffered him to commit, cannot prevent the legal effect of the transaction to be other than that which appeared to the innocent lender to be its result. And had she, by her own writing, certified that she was the owner of the certificate, which she could not produce from loss or other cause, and assigned or pledged it for a loan, she would just as effectively have transferred, subject to existing liens, her 70 of the 2,500 parts of ownership in the Herkimer Bank as though she had formally written an assignment on the back of a proper certificate of stock.

The plaintiff will take the first right in the proceeds of sale of the stock, the Farmers' National Bank second, the Bank of Huntington third, and the Tarrytown National Bank fourth. A sale should be had by a referee, whose report will be subject to confirmation. This action was properly brought to foreclose the lien, to solve all disputes, and to render a title conferred upon a purchaser so free from doubt as to bring the best price for the benefit of all interested. Costs are awarded the plaintiff, payable out of the proceeds.

Ordered accordingly.